IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | | |
|---|---|---|
| DANA BOWMAN, | § | |
| | § | |
| Plaintiff, | § | Civil Action No.: 3:13-0635 |
| | § | **Judge Trauger** |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| | § | |
| RAJESH K. NANDA AND PUNE HAHAN | § § | |
| | § | |
| Defendants. | § | |

**INITIAL CASE MANAGEMENT ORDER**

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.01(d) of the Local Rules for the United States District Court for the Middle District of Tennessee, counsel for both parties have conferred and hereby submit the following proposed Case Management Order.

**1. JURISDICTION:** This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 42 U.S.C. § 12188 because this action arises under a federal question, the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq., (the "ADA") *et seq.* Jurisdiction of this Court is not in dispute.

**2. PLAINTIFF'S THEORY OF THE CASE:** Plaintiff asserts that Defendant has discriminated against Plaintiff and others in that it has failed to make its public lodging services fully accessible to, and independently usable by, individuals who are disabled in violation of 42 U.S.C. § 12182(a) and § 121282(b)(2)(iv) and Section 242.2 of the 2010 Standards. Defendant has discriminated against Plaintiff and others in that it has failed to remove architectural barriers to make its lodging services fully accessible to, and independently usable by individuals who are disabled in violation of 42 U.S.C. § 12182(b)(2)(A)(iv) and Sections 242,

{01052769.4 }

206, 405, 904 of the 2010 Standards. Compliance with the requirements of Section 242.2, 206.2.2, 405, 904.1 and 904.4 of the 2010 Standards would neither fundamentally alter the nature of Defendant's lodging services nor result in an undue burden to Defendant.

In violation of Section 242.2 of the 2010 ADA Standards, Defendants' Hotel pool did not have at the time of filing of the original complaint accessible means of entry(a lift) complying with Sections 1009.2 or 1009.3 during a time the pool was open. The Defendants' pool area entrance is in violation of Section 206.2.2 of the 2010 ADA Standards which requires access ramps to have rails that comply with Section 405. The sales and service counter in the lobby of Defendants' Hotel is in violation of Section 904.1 which requires access to a counter with a height of not over 36 inches so as to comply with Section 904.4.

**3. DEFENDANT'S THEORY OF THE CASE:** Defendants deny Plaintiff's claims on several bases. Defendants deny that they are in violation of the ADA with regard to the pool lift. Regarding Plaintiff's alleged handrail violation, Defendants contend that while the handrail for the the ramp at issue indeed has not yet been installed, the ramp itself was installed only since after the pool was closed for the season. Thus the pool has not been open to the public at any time while allegedly in violation due to the handrail, and the handrail will be installed on the new ramp before the pool is open to the public again. Finally, regarding Plaintiff's allegation of the lack of a handicap accessible service counter, Defendants are in the process of renovating the service counter to provide a permanent accessible section as contemplated by the ADA, and in the meantime have utilized temporary measures as allowed by the ADA and its regulations to ensure access to conduct business. Defendants deny that they have discriminated against Plaintiff or any other individual and deny that Plaintiff or other individuals are likely to suffer

{01052769.4 }

future discrimination absent the relief Plaintiff requests from this Court. Finally, Defendants deny that Plaintiff suffered any injury from said alleged violations and thus contend that Plaintiff lacks standing to bring this action, in which case, this Court should dismiss such claims under Fed.R.Civ.P. 12 or 56.

**4. IDENTIFICATION OF THE ISSUES.**

**(a) Resolved issues:** Jurisdiction and venue.

**(b) Unresolved:**

**Liability and Remedy:** Whether Plaintiff has standing to bring this action; Whether the Defendants violated and are violating the ADA and whether the violation, if any, justifies injunctive relief or any other relief sought.

.

**5. WITNESSES IF KNOWN (Subject to Supplementation for Each Party.)**

**(a) Plaintiffs' Anticipated Witnesses:** Plaintiff, Scott Hull, Becky Hull

**(b) Defendant's Anticipated Witnesses:** Still being determined.

**6. INITIAL DISCLOSURES AND STAGING OF DISCOVERY**

**(a) Initial Disclosures: APRIL 7, 2014**

**(b) Completing all Discovery: OCTOBER 15, 2014**

**( c) Expert Disclosure (Rule 26):**

    **(i)** Plaintiffs' Rule 26 Experts shall be disclosed by    **AUGUST 1, 2014**    .

    **(ii)** Defendant's Rule 26 Experts shall be disclosed by    **SEPTEMBER 2, 2014**

   **(iii)** Plaintiffs' Rebuttal Rule 26 Experts shall be disclosed by **SEPTEMBER 15, 2014**

   (iv) Depositions of Experts will be conducted by **OCTOBER 15, 2014**

**(d) Discovery:** Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred and, unable to resolve their differences, have scheduled and participated in a conference call with Judge Trauger.

**7. DISPOSITIVE MOTIONS**

   **(a)** Deadline for filing dispositive motions: **DECEMBER 17, 2014**

   **(b)** Deadline for filing responses to dispositive motions: **JANUARY 19, 2015**

   **( c)** Deadline for filing Replies to Responses: **JANUARY 30, 2015**

If dispositive motions are filed before the deadline, the response and reply dates shall be moved up accordingly.

Dispositive motions and response memoranda are limited to 20 pages and the reply, if filed, is limited to 5 pages, absent Court permission for longer pleading. No motion for partial summary judgment shall be filed except upon leave of court and any party wishing to file such motion shall first file a separate motion that gives the justification for filing a partial summary judgment motion in terms of the overall economy of time and expense for the parties, counsel and the court.

**8. OTHER DEADLINES:**

   **(a) Joining Parties:**

{01052769.4 }

    **(i)** Plaintiffs:  **OCTOBER 31, 2014**

    **(ii)** Defendant:  **NOVEMBER 17, 2014**

  **(a) Motions to Amend Pleadings:**

    **(i)** Plaintiffs:  **OCTOBER 31, 2014**

    **(ii)** Defendant:  **NOVEMBER 17, 2014**

**9.  JOINT MEDIATION REPORT:**

Joint Mediation Report: The parties shall file a joint mediation report on or before October 20, 2014.

**10.  ELECTRONIC DISCOVERY.** The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply.

**11.  TARGET TRIAL DATE:**

The trial of this matter is expected to last two days.

_____
Judge Aleta Trauger

/s/ HENRY F. TODD, JR._____
Henry F. Todd, Jr., Esq.
**TODD AND SPENCER**
404 East College St., Suite I
Dickson, TN 37055
{01052769.4 }

e-mail: henrytoddjr@bellsouth.net
Telephone: (615) 446-0511
Facsimile: (615) 441-3437
**OF COUNSEL:**
Eric G. Calhoun, Esq.
**TRAVIS & CALHOUN**
1000 Providence Towers East
5001 Spring Valley Road
Dallas, Texas 75244
Telephone: (972) 934-4100
Facsimile: (972) 934-4101

*Attorneys for Plaintiff*


s/Bryan E. Pieper
Bryan E. Pieper, Esq. (BOPR No. 016852)
William Joseph ("Paz") Haynes, III, Esq. (BOPR No. 017398)
**Bone McAllester Norton PLLC**
Nashville City Center, Suite 1600
511 Union Street
Nashville, Tennessee 37219
e-mail- bpieper@bonelaw.com
whaynes@bonelaw.com
Phone- 615-238-6300

*Attorney for Defendant*